IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGRICOLA RAIMAPU S.A. | : | CIVIL ACTION |
| v. | : | |
| M/V APL MANAGUA, *et al.* | : | NO. 09-791 |

MEMORANDUM

Fullam, Sr. J.                                                          January 5, 2010

       In this admiralty case, the plaintiff seeks damages for shipments of fruit that did not arrive in good condition. One of the defendants (according to the docket, the other defendant was never served) has filed a motion to dismiss, citing to the bills of lading for the shipments, which contained standard terms and conditions that included a provision agreeing to exclusive jurisdiction in the Tokyo District Court in Japan. Although it concedes that forum selection clauses in maritime contracts are generally enforceable, the plaintiff argues that it should not be enforced here because of the possibility that the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, will not be given effect by a Japanese court.

       Forum-selection and choice-of-law clauses are presumptively valid. Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER, 515 U.S. 528, 537 (1995); M/S BREMEN v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). The presumption may be overcome by a showing that the clause is "unreasonable under the

circumstances." BREMEN, 407 U.S. at 10. The plaintiff has not made that showing here, and numerous courts have enforced similar clauses. See Fireman's Fund Ins. Co. v. M/V DSR Atlantic, 131 F.3d 1336, 1339 (9th Cir. 1997); Mitsui & Co. v. Mira M/V, 111 F.3d 33, 36 (5th Cir. 1997); Indemnity Ins. Co. of North Am. v. M/V "EASLINE TIANJIN", 2008 Westlaw 418910 (S.D.N.Y. Feb. 14, 2008); American Home Assurance Co. v. M/V JAAMI, 2007 Westlaw 1040347 (S.D.N.Y. Apr. 4, 2007); Barbara Lloyd Designs, Inc. v. Mistsui O.S.K. Lines, Ltd., 2003 Westlaw 23170452 (D.N.D. Sept. 18, 2003).

The plaintiff cites to Nippon Fire & Marine Ins. Co. v. M/V Spring Wave, 92 F. Supp. 2d 574 (E.D. La. 2000), in which an expert affidavit had been produced that opined that the Japanese court might interpret the bills of lading as limiting liability in violation of COGSA. Id. at 577. There is no such evidence here. Although the plaintiff makes reference to possible discovery, I see no need for further delay; the plaintiff had ample opportunity to secure an expert opinion.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,   Sr. J.